# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELORES CHATELAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4453-LMA-SS** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | |

## REPORT AND RECOMMENDATION

The plaintiff, Delores Chatelain ("Chatelain"), requests that, pursuant to 42 U.S.C. §405(g), the case be remanded for additional evidence to be taken before the Commissioner of Social Security.

## PROCEDURAL HISTORY

On August 20, 2007, Chatelain submitted an application for benefits. R. 94-101. She contended that she became unable to work on August 24, 2005. R. 94. She reported that she could not work because of several conditions, including major depression. R. 109. On September 21, 2007, her application was denied. R. 51-54. On January 13, 2009, there was a hearing before an Administrative Law Judge ("ALJ"). Rec. doc. 20-47. On January 29, 2009, the ALJ issued an unfavorable decision. R. 12-19. On May 27, 2009, the Appeals Council denied her request for review. R. 1-4. On July 21, 2009, she filed a complaint for judicial review of the final decision denying her claim for disability insurance benefits. Rec. doc. 1.

On November 30, 2009, Chatelain filed a motion to remand for consideration of additional evidence. Rec. doc. 11. She submitted a four page report, dated May 16, 2006, by a licensed

clinical social worker at Ochsner Clinic Foundation's main campus. It recommended that Chatelain secure further evaluation from Dr. Seligson-Dowie on June 13, 2006 at Ochsner's northshore office. Rec. doc. 11 (Attachment). On January 15, 2010, the defendant, Michael J. Astrue, Commissioner of Social Security Administration ("Commissioner"), filed an opposition. Rec. doc. 16.

## STATEMENT OF ISSUE ON MOTION TO REMAND

The motion to remand raises the following issue:

Has Chatelain demonstrated that there is new evidence which is material and that there is good cause for failing to incorporate such evidence into the record in the administrative proceeding?

## THE ALJ'S FINDINGS RELEVANT TO THE MOTION TO REMAND

The ALJ made the following findings relevant to the issue:

1. Chatelain last met the insured status requirements of the Social Security Act on June 30, 2006.

2. She did not engage in substantial gainful activity during the period from her alleged onset date of August 24, 2005 through her date last insured of June 30, 2006 (20 CFR 404.1571 et seq.).

3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c)).

R. 17.

## ANALYSIS

a. <u>Legal Standard</u>.

Pursuant to 42 U.S.C. § 405(g), a claimant's motion to remand is to be granted "upon a showing that there is new evidence which is material and that there is good cause for the failure to

2

incorporate such evidence into the record in a prior proceeding. . . ."[1] The evidence must be: (1) new and not cumulative; (2) material; and (3) good cause must be shown for the failure to incorporate such evidence into the record in a prior proceeding. Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir. 1989).

b.  Testimony at Hearing.

Chatelain spent most of her life in St. Bernard Parish. R. 32. At the time of the hearing she lived in Ponchatula. R. 31. Her last day of work was August 24, 2005. R. 33. She and her husband evacuated to Jonesville, Louisiana. R. 35. Three weeks after Hurricane Katrina, she moved in with her daughter and son-in-law in Hammond. R. 36.

Chatelain believed that she began seeing Dr. Seligson-Dowie at Ochsner in the fall of 2005.[2] R. 36-37. She saw Dr. Seligson-Dowie about once a month for about a year. R. 37. Dr. Seligson-Dowie moved across the Mississippi River, so she stopped seeing her. R. 37. It was possible that she did not begin seeing Dr. Seligson-Dowie until the fall of 2006 as 2005 was very blurry to her. R. 37. If the Ochsner records indicated that she saw Dr. Seligson-Dowie from November 2006 through October 2007, she believed that was probably correct. R. 38.

Dr. Seligson-Dowie completed a form questionnaire on which she indicated that she first saw Chatelain on June 13, 2006. R. 38. Chatelain believed this was for a consultation, and she began going to Dr. Seligson-Dowie regularly a couple of months later. R. 39. The June 13, 2006 visit was a kind of interview. R. 39. Dr. Seligson-Dowie did not give Chatelain any medication on the June

---

[1] On June 9, 1980, partly in an effort to stem the growing tide of unjustified federal court ordered remands, Congress amended 42 U.S.C. § 405(g). The relaxed "good cause" standard for remand of disability benefit cases was replaced. Dorsey v. Heckler, 702 F.2d 597, 604 (5th Cir. 1983).

[2] Dr. Seligson-Dowie was in the department of psychiatry at Ochsner Clinic Foundation. R. 155.

3

13, 2006 visit. R. 39. Ochsner, however, reported that it had no record of treatment for Chatelain through June 30, 2006. R. 44. Chatelain could not remember when she first saw Dr. Seligson-Dowie. R. 42. At the end of 2006 she started taking medication prescribed by Dr. Seligson-Dowie. R. 40.

c.  Medical Evidence.

On September 21, 2006, Chatelain was seen by Dr. Sandra Nieto[3] at Ochsner's northshore medical center. The note states that "[t]he patient is here to get established." R. 205. The physical examine found her alert, oriented, and in no acute distress. The diagnoses were type 2 diabetes, hyperlipidemia and depression. She was to return in three months. She was referred to Dr. Seligson-Dowie for her depression. R. 205.

On November 7, 2006, Chatelain was seen by Dr. Seligson-Dowie at Ochsner in Covington. The note states that "[t]he patient presents for followup of anxiety and depression." R. 155. She reported increased irritability, anxiety, decreased energy, and decreased sleep for three weeks. She related that she was unable to turn off her worries at bedtime. She did not report panic attacks. She reported increased skin picking on forearms and abdomen. She was diagnosed with dysthmic disorder, recurrent major depressive disorder, general anxiety disorder, and panic disorder without agoraphobia (fear and avoidance of public places). Medication was prescribed. R. 155-56. Chatelain returned to Dr. Seligson-Dowie on January 16, 2007(R. 153-54), February 13, 2007 (R 151-52), April 3, 2007 (R. 149-50), August 23, 2007 (R. 147-48), September 27, 2007 (R. 193-94), and November 1, 2007 (R. 191-92). On each return visit psychotherapy was recommended. There is no evidence that she obtained such therapy.

---

[3] Dr. Nieto's speciality does not appear on the records.

On August 24, 2007, the Louisiana Department of Social Services submitted a request for evidence to Ochsner Clinic Slidell for records of treatment for Delores Chatelain for February 1, 2005 through June 30, 2006. Ochsner indicated "no patient found." R. 245.

On September 5, 2007, Dr. Seligson-Dowie completed a psychiatric and psychological questionnaire. R. 157-64. Chatelain's prognosis was good with consistent psychotherapy and psycho pharmacological management. R. 157.

d.  Plaintiff's Motion to Remand.

Issue: Has Chatelain demonstrated that there is new evidence which is material and that there is good cause for failing to incorporate such evidence into the record in the administrative proceeding?

Chatelain contends that: (1) the May 16, 2006 report is new and not cumulative; (2) it is material because it demonstrates that she was seen by Dr. Seligson-Dowie before June 30, 2006; and (3) there is good cause for the failure to produce it at the administrative hearing because Ochsner was mistaken when it said it had no records of Chatelain as a patient for February 1, 2005, through June 30, 2006. Rec. doc. 11. The Commissioner urges that the May 16, 2010 report is not material and Chatelain has not demonstrated good cause for the failure to produce the report before the administrative record was closed. Rec. doc. 16.

Chatelain completed her application for benefits on July 19, 2007. R. 98. She was represented by counsel. R. 49. She reported that from October 1, 2005 through May 1, 2007, she obtained treatment from Dr. Seligson-Dowie at 2750 Gause Boulevard, Slidell, Louisiana. R. 112-13. She did not report receiving any treatment at Ochsner's main campus. On August 24, 2007, the Department of Social Services requested that Ochsner Clinic Slidell ("OCS") provide records on Chatelain for the period from February 1, 2005 through June 30, 2006. R. 245. OCS reported that

5

it had no record of Chatelain for this period. Id. On September 21, 2007, Chatelain was notified that: (1) her application was denied; (2) no reports were received from OCS; and (3) the medical evidence was insufficient to make a determination prior to her date last insured. R. 51.

Prior to the hearing Chatelain's counsel supplied medical evidence. R. 138-256. These records demonstrate that Chatelain was seen by Dr. Sandra Nieto at Ochsner's northshore medical center on September 21, 2006. Dr. Nieto referred her to Dr. Janet Seligson-Dowie for treatment of depression. Id. There is a note of a visit by Chatelain to Dr. Seligson-Dowie on November 7, 2006. R. 155.

Chatelain's contention that she began seeing Dr. Seligson-Dowie prior to June 30, 2006 rests on two documents. The first is the psychiatric questionnaire completed on September 5, 2007 by Dr. Seligson-Dowie. R. 157-64. It reports that the date of first treatment was June 13, 2006. R. 157. This is contradicted by the report from OCS that it had no record of Chatelain as a patient from February 1, 2005, through June 30, 2006. R. 245. The second document is the report dated May 16, 2006, in which the social worker refers Chatelain to Dr. Seligson-Dowie for an evaluation on June 13, 2006. Rec. doc. 11 (Attachment). This does not demonstrate Chatelain was actually seen by Dr. Seligson-Dowie on June 13, 2006. It conflicts with the report that there was no record of her as a patient at OCS through June 30, 2006. Dr. Nieto's note of September 21, 2006 reports that Chatelain was there to "get established" and was referred to Dr. Seligson-Dowie for her depression. R. 205. It would not be necessary to refer Chatelain to Dr. Seligson-Dowie if she had been seeing her since June 13, 2006.

The ALJ stated:

Dr. Dowie completed a form, Exhibit 3F, in which she specified that she first saw the claimant on June 13, 2006. There were no treatment records attached to the form and

6

> no explanation of the evidence relied on in forming that opinion. Based on the claimant's clear testimony, the absence of medical records and the fact that Ochsner affirmatively stated that there are no records, the undersigned finds that the doctor's opinion is without substantial support from the other evidence of record, which renders it less persuasive.
>
> Accordingly, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.

R. 18. The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91, 113 (1992). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." Martinez v. Chater, 64 F.3d 172, 174 (5th Cir. 1995). In Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981), the Fifth Circuit stated that:

> The requirement of materiality is an important one. The concept "material" suggests that the new evidence must be relevant and probative. However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing. Thus we hold that a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination.

Id. at 679 (footnotes omitted). The ALJ made the finding that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured. The finding is supported by substantial evidence. There is no reasonable possibility that the ALJ would change his decision based on the report by the social worker.

The Commissioner demonstrates that, pursuant to 20 C.F.R. § 04.1513(a), the Social Security Administration requires evidence from acceptable medical sources to establish whether a claimant has a medically determinable medical source. A licensed clinical social worker is not an acceptable

medical source. Id. Instead such a person is listed under the category of "other sources." 20 C.F.R. § 04.1513(d). The May 16, 2006 report is not evidence from an acceptable medical source of the existence of a medically determinable impairment through Chatelain's date last insured. The report does not satisfy the materiality requirement in 42 U.S.C. § 405(g).

The third requirement is good cause. In Pierre v. Sullivan, 884 F.2d 799 (5th Cir. 1989), the Fifth Circuit stated:

> It is ... settled law of our Circuit that new evidence is not the requisite good cause for ... a remand unless a proper explanation is given of why it was not submitted earlier.... The mere fact that a medical report is of recent origin in not enough to meet the good cause requirement.

Id. at 803. Chatelain contends that she has good cause because OCS reported on August 24, 2007 that it had no records for the period from February 1, 2005 through June 30, 2006. Dr. Seligson-Dowie completed the psychiatric questionnaire on September 5, 2007 in which she reported that the first visit was on June 13, 2006. R. 157-64. Chatelain was on notice of a conflict between Ochsner's medical records and the information on the questionnaire. Chatelain did not provide the report from the social worker until after the administrative record was closed. She has not provided a proper explanation for why the report was not submitted earlier.

Chatelain has not satisfied the requirements under sentence six of 42 U.S.C. §405(g) for a remand for the consideration of additional evidence.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Chatelain's motion to remand (Rec. doc. 11) be denied.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of May, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**